UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

NICHOLAS P.,

                Plaintiff,      <u>DECISION AND ORDER</u>

                                  1:25-cv-03954-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In September of 2021, Plaintiff Nicholas P.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

This case was referred to the undersigned on March 4, 2026. Presently pending are the parties' competing requests for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

For the following reasons, Plaintiff's request is due to be granted, the Commissioner's request is due to be denied, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on September 9, 2021, alleging disability beginning August 1, 2020. (T at 10).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 20, 2022, before ALJ Vincent Cascio. (T at 33-61).  On January 9, 2023, ALJ Cascio issued a decision denying the application for benefits. (T at 10-17).  The Appeals Council denied Plaintiff's request for review on January 10, 2024. (T at 1-5).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review.  On May 30, 2024, the Honorable Gary Stein, United States Magistrate Judge, issued an order remanding the case for further proceedings by stipulation of the parties. (T at 995-96).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

2

The Appeals Council remanded the matter on June 6, 2024. (T at 988-90).

A second administrative hearing was held on December 3, 2024, before ALJ Cascio. (T at 945-85).  Plaintiff appeared with an attorney and testified. (T at 956-71).  The ALJ also received testimony from Gerald Hildrey, a vocational expert. (T at 971-82).

### B.    ALJ's Decision

On March 6, 2025, the ALJ issued a second decision denying the application for benefits. (T at 924-36).

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2020 (the date last insured) and did not engage in substantial gainful activity during the period between August 1, 2020 (the alleged onset date) and the date last insured. (T at 929).

The ALJ concluded that, as of the date last insured, Plaintiff's post-COVID syndrome was a severe impairment as defined under the Act. (T at 930).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or

3

medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 931).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he is limited to occasionally climbing ramps and stairs; can never climb ropes, ladders, or scaffolds; must avoid extreme hot temperatures; and can have no exposure to unprotected heights or hazardous machinery. (T at 931).

The ALJ concluded that, as of the date last insured, Plaintiff could perform his past relevant work as a consultant. (T at 936).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 1, 2020 (the alleged onset date) and December 31, 2020 (the date last insured). (T at 936).

The ALJ's second decision is considered the Commissioner's final decision. *See* 20 CFR § 404.984.

C.    *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on May 12, 2025. (Docket No. 1).  On October 13, 2025,

Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 15). The Commissioner on January 19, 2026, interposed a brief in opposition to Plaintiff's request and requesting judgment on the pleadings. (Docket No. 19). On February 2, 20256, Plaintiff submitted a brief in further support of his request and in opposition to the Commissioner's request. (Docket No. 20).

## II.    APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

6

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.   DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, he argues that the ALJ's step two analysis of his mental impairments was flawed.  Second, Plaintiff challenges the ALJ's consideration of his subjective complaints.  The Court will address each argument in turn.

### A.   *Severity Step Two*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, coworkers and usual work situations." *Gibbs v.*

*Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at \*16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(I) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at \*5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

In the present case, the ALJ determined that Plaintiff's post-COVID syndrome was a severe impairment. (T at 930). The ALJ concluded, however, that Plaintiff's mental impairments did not cause more than mild limitation in his functioning and were, therefore, non-severe. (T at 930-31).

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a). The ALJ rates the degree of functional limitation resulting

9

from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id.* at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indication more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

"An ALJ's decision at step two that an impairment is not severe must be 'supported by 'substantial evidence' in the record as a whole.'" *Garcia v. Comm'r of Soc. Sec.*, No. 20CIV7539PAESLC, 2022 WL 1051134, at *15 (S.D.N.Y. Jan. 31, 2022)(citations omitted).

For the following reasons, the Court finds that the ALJ's step two assessment of Plaintiff's mental impairments cannot be sustained.

First, the ALJ generally referred to Plaintiff's "mental impairments," but did not identify the medically determinable impairments at issue and/or explain how he assessed the evidence of limitation arising from each impairment.

This is significant because the record contains evidence of multiple impairments impacting Plaintiff's mental functioning—including cognitive deficits (T at 861, 1661), memory issues (T at 582), difficulty communicating and concentrating (T at 577-78, 582, 961, 1634-35), as well as anxiety and depression. (T at 584).

Second, the ALJ placed undue emphasis on his lay assessment of the treatment record, offering conclusory citations to Plaintiff's cooperative attitude and appropriate effect during mental status examinations to support the finding that Plaintiff had no more than mild limitation in any aspect of mental functioning. (T at 930).

The Commissioner's regulations recognize that a claimant's "ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate [her] ability to complete tasks in the context of regular employment during a normal workday or work week."  20 C.F.R. Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, No. 17 CIV. 6875 (LTS) (HBP), 2019 WL 2453343, at *13 (S.D.N.Y. Feb. 19, 2019)*, report and recommendation adopted sub nom. Primo v. Comm'r of Soc. Sec.,* No. 17 CV 6875-LTS-SLC, 2021 WL 1172248 (S.D.N.Y. Mar. 29, 2021)(noting that ALJs must recognize that "the effects of a mental health

issue may be different in a work setting than in a non-work setting"); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018) (decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

Notably, the ALJ's lay assessment of the record is at odds with medical opinions from multiple treating providers.

Dr. Susan Levine, Plaintiff's treating infectious disease physician, reported symptoms of "cognitive dysfunction, including short term memory loss and diminished speed of processing new information" and difficulty concentrating. (T at 861).  Dr. Levine characterized Plaintiff's prognosis as "poor." (T at 862).

Alexander Osterman, LPC, Plaintiff's long-term treating mental health counselor, assessed significant symptoms of cognitive difficulties, anxiety, and depression, and opined that these symptoms, particularly when aggravated by stress, would significantly interfere with Plaintiff's ability to meet the mental demands of basic work activity. (T at 1634-36).

The ALJ did not explicitly address these opinions in his step two analysis. (T at 930-31).  In a later section of the decision, the ALJ found the

12

opinions unpersuasive (erroneously attributing Mr. Osterman's assessment to a "Dr. McNulty"). (T at 934-35).

This conclusion likewise relies on the ALJ's lay assessment of the treatment record and does not adequately address, or account for, the countervailing evidence of impairment, particularly when aggravated by stress. *See Stacey v. Comm'r of SSA*, 799 F. Appx. 7, 11 (2d Cir. 2020)("It would be improper to rely on these mental status evaluations to conclude that Stacey is capable of prolonged concentration while simultaneously ignoring the contrary conclusion of the very physicians who made the evaluations."); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction.").

Further, the ALJ justified his decision through repeated reference to Plaintiff's symptoms "waxing and waning." (T at 934, 935).

It is well-settled that "[c]ycles of improvement and debilitating symptoms [of mental illness] are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925

13

F.3d 90, 97 (2d Cir. 2019)(quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)(alterations in original)); *see also Stacey*, 799 F. Appx. at 10 (cautioning "ALJs against scouring medical notes to draw their own conclusions based on isolated descriptions").

Lastly, the ALJ's failure to provide sufficient support for his assessment of Plaintiff's mental impairments is compounded by the fact that the ALJ (a) did not incorporate any mental limitations into Plaintiff's RFC (T at 931) and (b) denied benefits based on a determination that Plaintiff could perform his past relevant work as a consultant (T at 936).

The ALJ recognized that Plaintiff's past relevant work has a Specific Vocational Preparation classification of 8 (T at 936), meaning that the position is considered "highly skilled." *See Christopher D. v. Kijakazi*, No. 22-CV-0657DGL, 2023 WL 6647558, at *3 (W.D.N.Y. Oct. 12, 2023).

Thus, even assuming some arguable support for the conclusion that Plaintiff's mental impairments caused no more than mild limitation, the ALJ erred by failing to adequately consider the impact of Plaintiff's mental limitations (severe or non-severe) on his ability to meet the significant mental demands of his highly skilled past relevant work. See *Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d 365, 380 (S.D.N.Y. 2023)("Adequate consideration of a plaintiff's non-severe mental impairments becomes

particularly important where the disability determination turns upon [his or] her ability to perform skilled or highly skilled work.")(collecting cases and quoting *Novas v. Kijakazi*, No. 22-CV-1020 (MKV) (BCM), 2023 WL 2614362, at *12 (S.D.N.Y. Mar. 8, 2023), *report and recommendation adopted sub nom. Novas v. Comm'r of Soc. Sec.*, No. 22-CV-1020 (MKV), 2023 WL 2613550 (S.D.N.Y. Mar. 23, 2023)); *se also Christopher D.*, 2023 WL 6647558, at *3 ("The ALJ erred in finding that plaintiff was capable of returning to his past relevant work as a logistics manager, a skilled position with a specific vocational preparation ('SVP') level of 8, despite finding a number of mild mental limitations."); *Ayaz M. v. Kijakazi*, No. 3:22-CV-1603 (KAD), 2024 WL 449575, at *3 (D. Conn. Feb. 5, 2024)("Remand for an adequate consideration of non-severe mental impairments is especially appropriate where the ALJ has found that Plaintiff could perform semi-skilled or skilled work.").

    B.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available

16

medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision

17

is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms he reported, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 933).

The ALJ's errors in assessing the evidence regarding Plaintiff's mental impairments, as discussed above, undermine his consideration of Plaintiff's subjective complaints, which will need to be reconsidered on remand after a proper step two analysis and an accurate assessment of the impact of Plaintiff's mental impairments on his ability to meet the mental demands of basic work activity.

C.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has

applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

This Court recognizes that Plaintiff applied for benefits more than four (4) years ago.  This matter has already been remanded once.

However, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir.1996); *see also Gross v. McMahon*, 473 F. Supp. 2d 384, 386 (W.D.N.Y. 2007); *Batista v. Comm'r of Soc. Sec.*, No. 3:19 CV 1660 (RMS), 2020 WL 6709096, at *5 (D. Conn. Nov. 16, 2020).

Moreover, "[r]emanding 'solely for the calculation of benefits is an extraordinary action and is proper only when further development of the record would serve no purpose.'" *Lynch v. O'Malley*, No. 22-CIV-5620-(CS)(AEK), 2024 WL 728483, at *7 (S.D.N.Y. Feb. 21, 2024)(quoting *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006)).

In a case where there is conflicting medical evidence, a remand for calculation of benefits is not appropriate, notwithstanding the appropriate frustration of the claimant (or, indeed, the court) with undue delay and/or repeated failures to follow applicable law and regulations. *See Newell v. Saul,* No. 19-cv-10831 (JLC), 2021 WL 608991, at *23 (S.D.N.Y. Feb. 7,

2021); *Lloyd v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 472, 481 (W.D.N.Y. 2018).

However, this case should be assigned to a different ALJ on remand. "[A] fresh look by another ALJ would be beneficial," given that this ALJ has already undertaken two unsuccessful attempts to conduct a proper analysis. *Collado v. Astrue*, No. 05-CV-3337 KMK/LMS, 2009 WL 2778664, at *3 (S.D.N.Y. Aug. 31, 2009)(citations omitted); *see also McClaney v. Astrue*, No. 10-CV-5421 JG JO, 2012 WL 3777413, at *20 (E.D.N.Y. Aug. 10, 2012)(collecting cases).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is GRANTED; the Commissioner's request for judgment on the pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter judgment in favor of Plaintiff and then close the file.

Dated: March 30, 2026                    *s / Gary R. Jones*

                                                   GARY R. JONES
                                                   United States Magistrate Judge